Mochary v. Bergstein

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

——————————

August Term 2021

(Argued: March 17, 2022 | Decided: July 27, 2022)

Docket No. 21-1972

MATTHEW MOCHARY,

*Plaintiff-Appellant*,

v.

SETH BERGSTEIN,

*Defendant-Appellee*.

——————————

Before:

JACOBS, POOLER, and WESLEY *Circuit Judges*.

Plaintiff-Appellant Matthew Mochary appeals from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*) dismissing on abstention grounds his complaint asserting claims of replevin, conversion, and statutory theft relating to a Jackson Pollock collage. Mochary argues, *inter alia*, that the district court erred in abstaining under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) because (1) the state and federal actions are not "concurrent and parallel" since they involve different parties, different issues, and different remedies; and (2) his claims will not become moot if the state court finds the collage is part of Defendant-Appellee Seth Bergstein's marital

estate because Mochary is not a party to the divorce action and the state court will not adjudicate his claims. We agree.

Alternatively, Bergstein urges that abstention is warranted under the domestic relations exception or the abstention doctrine set forth in *American Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990) (per curiam). We disagree.

Accordingly, we **VACATE** the dismissal and **REMAND** for further proceedings consistent with this opinion.

———————————

STEVEN M. FREDERICK, Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, CT (Zachary J. Phillipps, Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, CT, *on the brief*), *for Plaintiff-Appellant*.

HOWARD K. LEVINE, Carmody Torrance Sandak & Hennessey LLP, New Haven, CT, *for Defendant-Appellee*.

———————————

WESLEY, *Circuit Judge*:

This case arises from a dispute over a Jackson Pollock collage (the "Collage") allegedly owned by Matthew Mochary. Mochary contends he loaned the Collage to Seth Bergstein and his wife/Mochary's sister. When Mochary discovered Bergstein was not properly caring for the Collage, he sought to have it returned. Bergstein refused. Mochary filed a diversity action in district court asserting claims of replevin, conversion, and statutory theft.

2

Bergstein moved to dismiss the complaint under Rule 12(b)(6), arguing that, because he was claiming the Collage as marital property in the divorce action, the district court should abstain from hearing the matter under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Bergstein also argued that the district court should abstain under the domestic relations exception, or the abstention doctrine articulated in *American Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990) (per curiam). The United States District Court for the District of Connecticut (Bolden, *J.*) dismissed Mochary's claims, holding that as divorce proceedings had commenced and the Superior Court of Connecticut had exercised jurisdiction over the marital estate, adjudicating Mochary's claims would interfere with the state parallel proceedings in a way that should be avoided as instructed by *Colorado River*.

Mochary appealed. For the reasons below, we vacate the district court's order dismissing the complaint on abstention grounds and remand for further proceedings consistent with this opinion.

## BACKGROUND

**A. Facts**

The Collage at issue was created by Jackson Pollock in 1943. Its current fair market value is approximately $175,000.00. The Collage "is a unique, original work of art that has been in the possession of Mochary's family for decades"—Mochary's mother purchased the Collage in 1978. Joint App'x 8.[1] Mochary contends that beginning in 1996, his mother began annually gifting fractional shares of ownership of the Collage to him resulting in his "complete ownership" of the Collage by 2012. Joint App'x 8.

Under a Loan Agreement executed in 2004 (*see* Joint App'x 35 (Exhibit C)), Mochary and his mother loaned the Collage to the Kasser Foundation for the purpose of relending the Collage for exhibition. In 2016, the Collage was loaned to Alexandra Kasser—Bergstein's wife and Mochary's sister.[2] The Collage was displayed at Bergstein and Kasser's home in Greenwich, Connecticut with the conditions that it be insured, properly maintained, and immediately returned

---

[1] The invoice depicting the sale is attached to the complaint as Exhibit A.

[2] While the complaint is silent in this regard, the parties do not dispute that Bergstein's wife, Alexandra Kasser, is Mochary's sister. *See* Joint App'x 73 (n.1); Appellant Br. 3; Appellee Br. 1.

upon request. The Collage remained at the Greenwich home from 2016 through 2020 when it was removed pursuant to a stipulation entered into by the parties and so-ordered by the district court.[3]

In late 2018, Kasser commenced a divorce action against Bergstein in Connecticut Superior Court, which—as of argument before this Court—remains pending.[4] Shortly after filing for divorce, Kasser vacated the Greenwich home, leaving Bergstein in sole possession of the Collage. The complaint alleges that Bergstein was not properly caring for the Collage, causing serious and permanent damage to it. In May 2020, Mochary notified Bergstein that he owned the Collage and demanded retrieval of it within thirty days. After Bergstein failed to respond, Mochary's curator attempted to coordinate return of the Collage, but Bergstein refused.

---

[3] As discussed further below, the district court approved the parties' stipulation governing removal of the Collage from the Greenwich home and its care during the pendency of this case. The parties agreed to abide by the arrangement in place during the pendency of this appeal. *See* Appellant Br. 4 (n.1); *see also* Joint App'x 3 (Dkt. 18).

[4] Oral Arg. at 3:31–3:36.

**B.     Procedural History**

Following Bergstein's refusal to return the Collage, Mochary filed this action in the District Court of Connecticut asserting claims for replevin, conversion, and statutory theft and seeking immediate possession of the Collage and money damages.  Mochary alleged federal jurisdiction pursuant to 28 U.S.C. § 1332 based upon the parties' diverse citizenship and the amount in controversy.[5]  At the same time, Mochary also moved for a temporary restraining order and an injunction to enjoin Bergstein from disposing of the Collage, and to require a professional curator to care for, protect, and properly preserve the Collage.

In August 2020, following a conference with the district court, the parties agreed by stipulation on the care of the Collage during the case.  The stipulation provided that an art conservator, selected by Mochary, would inspect the Collage, and have it moved to an art storage facility at Mochary's sole cost and expense during the pendency of the litigation until the court adjudicated the Collage's ownership.  The district court approved the stipulation and entered an order

---

[5] Mochary is a citizen of California and Bergstein is a citizen of Connecticut.

consistent with the stipulation dismissing the temporary restraining order application as moot.

Bergstein then moved to dismiss the complaint under Rule 12(b)(6), principally on the ground that the court lacked jurisdiction under the domestic relations exception to diversity jurisdiction because the Collage was a subject of dispute in the state court divorce action. In the alternative, Bergstein argued the district court should abstain from hearing the matter under the abstention doctrines articulated in *Colorado River*, *American Airlines*, or *Younger v. Harris*, 401 U.S. 37 (1971). Mochary argued that abstention was not appropriate under any doctrine.

The district court determined it had diversity jurisdiction over the action under 28 U.S.C. § 1332. The district court granted Bergstein's motion to dismiss holding that *Colorado River* abstention was appropriate given that state divorce proceedings had commenced, the Superior Court of Connecticut had exercised jurisdiction over the marital estate, and adjudicating Mochary's claims would interfere with the state court parallel proceedings, which, under *Colorado River*, should be avoided. The district court held that if the Superior Court of Connecticut

7

determined the Collage is part of the marital estate, then Mochary's claims "would become moot." Joint App'x 86. The court granted Mochary leave to refile the complaint "[i]f the Superior Court finds the Collage is not a marital asset." *Id.* The district court declined to abstain under any of the other abstention doctrines pressed by Bergstein. Mochary appealed.

## DISCUSSION

### I. Abstention

Abstaining from exercising federal jurisdiction "is the exception, not the rule." *Colorado River*, 424 U.S. at 813. Where a federal court has subject matter jurisdiction, it has a "'virtually unflagging obligation to exercise that jurisdiction,' even if an action concerning the same matter is pending in state court." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (quoting *Colorado River*, 424 U.S. at 817). "The abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction," and "[i]n this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction." *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001). Abstention was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because

8

a State court could entertain it." *Colorado River*, 424 U.S. at 814 (internal quotation marks omitted).

"We review a district court's abstention decision for abuse of discretion." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012). Although abuse of discretion is usually a deferential standard, in the abstention context our review "is especially rigorous." *Id.* (quoting *Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus*, 60 F.3d 122, 126 (2d Cir. 1995)). "[B]ecause we are considering an exception to a court's normal duty to adjudicate a controversy properly before it, the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Id*. (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998)). Accordingly, where a case does not meet traditional abstention requirements "there is little to no discretion to abstain." *Id.*

## A.   *Colorado River* **Abstention**

In *Colorado River*, the Supreme Court held that, in addition to previously established categories of abstention, in certain "exceptional circumstances" a federal court may abstain from exercising jurisdiction where an existing parallel state-court litigation would accomplish a *"comprehensive disposition of*

9

*litigation*." 424 U.S. at 813, 817–18 (emphasis added). In conducting a *Colorado River* analysis, courts are directed to make a threshold determination "that the concurrent proceedings are parallel." *Dittmer*, 146 F.3d at 118 (holding that finding the concurrent proceedings are "parallel is a necessary prerequisite to abstention under *Colorado River*"). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (internal quotation marks omitted).

*Colorado River* identified six factors that courts should consider in determining whether "exceptional circumstances" justify abstention:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara*, 673 F.3d at 100–01. None of these factors alone "is necessarily determinative." *Colorado River*, 424 U.S. at 818–19. Rather, "a carefully considered judgment" accounting for "both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Id.* "[T]he

10

decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

Mochary argues the district court erred in abstaining under *Colorado River* because the state and federal actions are not "concurrent and parallel" as each involve different parties, different issues, and different remedies. We agree. The federal and state proceedings at issue here are not parallel; the parties and relief sought are not the same. Mochary is not a party to the state divorce action, and his sister is not a party to the federal court action. The issues and relief sought are distinct: the state action involves domestic relations concerns as well as identification and distribution of marital property while Mochary raises claims related to ownership and care of the Collage—tort claims against only Bergstein seeking replevin of the Collage and monetary damages for conversion and civil

11

theft.[6] Mere "commonality in subject matter" does not render actions parallel. *See Dittmer*, 146 F.3d at 118 (holding district court abused its discretion in abstaining under *Colorado River* where, *inter alia*, "[n]one of the plaintiffs in [the federal action] were involved in the state case").

Mochary also argues the district court erred in analyzing the *Colorado River* factors. While we need not address the district court's analysis of the six factors to vacate its order of dismissal because a finding of parallelism is "a necessary prerequisite to abstention under *Colorado River*," *id.* at 118, we reiterate that courts deciding whether to abstain under *Colorado River* must carefully consider *each* of the factors. At a minimum, here, the district court also needed to consider that the disputed property was held pursuant to a federal court order, the relative progress of the state and federal actions beyond the timing of their commencement, and whether a parallel state action would adequately protect the parties' interests. *See,*

---

[6] *See All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) (holding that where there were differences in parties between two actions and plaintiffs were not participants in the state action that was a "strong factor against" invoking abstention as a basis for dismissal); *Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46, 50 (2d Cir. 1994) (holding proceedings were not parallel and concurrent where they "involve[d] different subject matters and different forms of relief"—tort claims seeking damages were distinct from creditor's claims of entitlement to third party's assets).

12

*e.g.*, *Bethlehem Contracting*, 800 F.2d at 328 (explaining that "the district court's failure to consider factors weighing against dismissal had the result of turning the presumption in favor of exercising jurisdiction on its head").[7]

The district court ultimately concluded that Mochary's claims "would become moot" if the state court finds the Collage is part of Bergstein's marital estate.[8] This was error. Nothing suggests the state court overseeing the divorce proceeding would or could adjudicate Mochary's tort claims. The district court did not explain how Mochary's claims "would become moot" if the Collage was designated as marital property in the state action, given that Mochary's tort claims (premised on ownership of the Collage) are not before the state court, and he is not a party to the divorce proceeding. A divorce decree awarding the Collage to Bergstein as marital property will not extinguish Mochary's claims for replevin,

---

[7] Although this case lacks the parallelism to support abstention under *Colorado River*, we acknowledge that two courts appear to have been tasked with allocating the same property among distinct parties. Judicial economy would be served by having one court determine ownership of the Collage in a proceeding where all parties' interests and rights are adequately protected.

[8] *See* Joint App'x 86 (holding "[i]f the [state court] finds the Collage is part of the marital estate . . . the claims brought forth by Mr. Mochary would become moot.").

13

conversion, and statutory theft.[9]  Mochary's claims would not be mooted by collateral estoppel or res judicata as Mochary is a stranger to the divorce proceeding.

The district court seemed to concede the state proceeding would not comprehensively resolve Mochary's claims when it recognized that a finding in state court that the Collage is not a marital asset would give new life to Mochary's claims.  Anticipating that possibility, the district court granted Mochary leave to refile his complaint upon that contingency.

None of Bergstein's contrary arguments have merit.  First, Bernstein argues Mochary's interests are protected in the divorce because Kasser, Mochary's sister, has "congruent interests" and the incentive to disprove her ownership of the

---

[9] Connecticut, unlike other jurisdictions, does not "*require* the joinder of a third party claimant in order to dispose of the disputed property" in a divorce proceeding.  *Gaudio v. Gaudio*, 23 Conn. App. 287, 294 (Conn. App. Ct. 1990).  The prevailing rule, including in Connecticut, "holds that although the spouses are ordinarily the only proper parties to a dissolution action, joinder or intervention of third parties is *permissible* where third parties *claim an interest* in property involved in the proceedings."  *Id.* at 293. (emphasis added).  This is not a case where one spouse accuses the other of fraudulently conveying marital property out of the estate.  Here, the claim is that neither husband nor wife owns the Collage.  In *Gaudio*, the plaintiff-wife brought an action for dissolution of marriage and fraudulent conveyance against her husband.  *Id.* at 287.  The plaintiff-wife then moved to join a third-party defendant as to the fraudulent transfer count only.  *Id.*

14

Collage in the divorce. Appellee Br. 11. But Bergstein cites no case law (or support in the record) compelling the conclusion that the siblings have identical interests.

Further, Bergstein's arguments are internally inconsistent and speculative: He argues both that "Kasser's interest in the Collage is, at present, identical to [Mochary's claim]"[10] and that Mochary's interests "are not necessarily adversarial to [Kasser's interests]." Appellee Br. 11–12. But Bergstein also contends that Kasser claims she—not Mochary—owns the Collage in the divorce, *see id.* at 25. That, of course, confirms that their interests are incongruent and undermines Bergstein's assertion that the proceedings are parallel notwithstanding the different parties. There is no reason to assume Mochary's sister will adequately represent his interests in the state court proceeding.[11]

Finally, Bergstein claims that the lack of identity of the parties is a result of Mochary's "strategic litigation decision" not to intervene in divorce proceedings and accuses Mochary of "sitting on his rights." Appellee Br. 13. But "the pendency

---

[10] Mochary does not claim the Collage is jointly owned by him and his sister.

[11] *Cf. Bethlehem Contracting Co.*, 800 F.2d at 328 ("[Th]e possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action.").

15

of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *Colorado River*, 424 U.S. at 817, and our case law has never obligated federal plaintiffs to intervene in state court proceedings to bring claims properly subject to federal court jurisdiction. Mochary's right to federal court is not dependent on the lack of a state court remedy. None of the out-of-circuit cases cited by Bergstein impose such a requirement.[12] And such a requirement is inconsistent with federal courts'

[12] *See* Appellee Br. 13–15. For example, in *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605 (E.D. Va. 2004), the court abstained where the federal plaintiff and defendant were both parties to the federal and state court actions. The district court declined to deny abstention simply because there were additional parties not named in the state suit. *See id.* at 609. Here, unlike the federal plaintiff in *Baseline Sports*, Mochary was not first sued by the defendant in state court over identical facts before bringing this suit in federal court. In *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 695 (7th Cir. 1985), the Seventh Circuit concluded that where newly added plaintiffs were the owners of the federal plaintiff company, abstention was still appropriate because the district court could conclude all claims would be finally determined in the state court action. The court faulted federal plaintiff Lumen, a party to the state court proceeding, for not joining its owners (the new parties in the federal suit) in the state court action. Again, the situation here is inapposite. This is not a case where the federal plaintiff was a party in the state action and then sued in federal court and added additional parties. Mochary, unlike Lumen, was never a party in the state action at all.

And if ownership of the Collage was at issue in the divorce proceeding, Bergstein offers *no explanation* for why he did not move to join Mochary in the dissolution proceedings when Mochary sought return of the Collage before this suit commenced. In *Aarestrup v. Harwood-Aarestrup*, 868 A.2d 817, 819 (Conn. Super. Ct. 2005), the Superior Court noted that a third party's participation in an action for dissolution of marriage is

virtually unflagging obligation to exercise their jurisdiction. Bergstein's claim that his wife would become a necessary party on remand does not change the analysis. Because we conclude the proceedings are not concurrent and parallel, we vacate the dismissal.

## B.     Other Abstention Doctrines

In the alternative, Bergstein urges us to abstain under the domestic relations exception or the abstention doctrine set forth in *American Airlines*.[13]  Neither doctrine applies here.

The domestic relations exception to diversity jurisdiction provides that federal courts will not exercise jurisdiction over cases on the subjects of divorce, alimony, or the custody of children.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 704

---

"expressly limited to cases in which the presence of the third party is required in order to adjudicate the property rights of the parties to the dissolution" and that courts could not be expected to speculate about the existence of any third party that may have interest in the marital property.  *Id.*  Indeed, the court recognized that nearly all of the cases it had found permitting a third party to join a dissolution action between spouses occurred where one of the existing parties (i.e., spouses) sought to join that third party.  *See id.*  The court found only one Superior Court case where a court permitted an outside party to intervene by its own motion.  *See id.*

[13] On appeal, Appellee does not advance arguments pertaining to *Younger* abstention and thus, we need not address it.  *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) (argument not pressed on appeal is "therefore waived, and we will not consider it.").

(1992) (concluding that the domestic relations exception did not apply to tort claims between an ex-wife and her ex-husband and his female companion for alleged abuse of petitioners).[14] As the district court correctly concluded, because this case does not involve issuing or modifying such a decree, and is brought by a third-party plaintiff, the domestic relations exception does not apply.

This Court's decision in *American Airlines* applied domestic relations abstention beyond diversity cases to federal-question jurisdiction cases. *See Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("Although the domestic relations *exception* to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* [] does not apply in federal-question cases, the domestic relations

---

[14] In *Ankenbrandt*, the Supreme Court suggested the doctrine would not apply to third parties such as the female companion defendant, who otherwise stands in the same position with respect to the plaintiff as any other opponent in a tort suit. 504 U.S. at n.7. Specifically, the Supreme Court noted:

> The courts below offered no explanation, and we are aware of none, why the domestic relations exception applies at all to respondent Kesler [female companion of ex-husband], who would appear to stand in the same position with respect to Ankenbrandt as any other opponent in a tort suit brought in federal court pursuant to diversity jurisdiction.

*Id.* Our sister circuits have declined to apply the domestic relations exception to third parties. *See, e.g., Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 247 (3d Cir. 2008) ("The domestic relations exception generally does not apply to third parties"); *Stone v. Wall*, 135 F.3d 1438, 1441 (11th Cir. 1998) (same).

*abstention* doctrine articulated in *American Airlines* does." (internal quotation marks omitted)). *American Airlines*, a federal-question interpleader case, involved a dispute between former spouses over ongoing matrimonial support obligations arising out of a state divorce decree. 905 F.2d at 13. This Court held that where "subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field." *Id.* at 14.

Even assuming, *arguendo*, *American Airlines* could apply in diversity cases after *Ankenbrandt*,[15] the exception does not apply here for the same reasons stated above—this suit is not a domestic relations dispute and does not involve issuing or altering divorce, alimony, or custody decrees.

## CONCLUSION

For the reasons stated above, we **VACATE** the order of the district court and **REMAND** for further proceedings consistent with this opinion.

---

[15] In determining that *American Airlines* remained good law following *Ankenbrandt*, this Court relied on the fact that *American Airlines* applied to federal question cases, not diversity cases. *See Deem*, 941 F.3d at 623–24. We need not decide whether in a case premised on diversity jurisdiction, as is the case here, *Ankenbrandt*'s narrow domestic relations exception controls.