21-2022-cv
*Gentes v. Town of Sprague, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
JOSEPH F. BIANCO,

                  *Circuit Judges*.

---

Robert Gentes,

        *Plaintiff-Appellant*,

        v.                                21-2022-cv

Catherine Osten, Town of Sprague,

        *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:        TODD STEIGMAN, Madsen, Prestley & Parenteau, LLC, Hartford, CT.

FOR DEFENDANTS-APPELLEES:        JAMES N. TALLBERG (Kimberly A. Bosse, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from the order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the action is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Robert Gentes appeals from a July 27, 2021 order of the United States District Court for the District of Connecticut (Bryant, *J.*) *sua sponte* staying the case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending the resolution of an ongoing Connecticut state-court action. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision.

**BACKGROUND**

This lawsuit, as well as the concurrent state-court proceeding, involves Gentes's employment as the Business/Facilities Manager for the Town of Sprague Board of Education ("the Town Board"). In May 2019, the Town of Sprague ("the Town") brought a state-court action against Gentes for breach of contract, breach of fiduciary duty, violation of Connecticut General Statute § 7-349, and negligence, alleging that he mishandled and overspent funds allocated to the Town Board for Fiscal Year 2018. In July 2020, while the state lawsuit was pending, Gentes brought this federal lawsuit against the Town and Catherine Osten asserting, *inter alia*, claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, including the following: (1) Osten selectively used her powers as the Town's First Selectman to punish him in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) Osten retaliated against him for speaking on matters of public concern in violation of the First Amendment; (3) Osten violated his

2

procedural due process rights under the Fourteenth Amendment by recklessly making false and stigmatizing public statements about him without an opportunity for a name-clearing hearing; (4) Osten violated his substantive due process rights by using the powers of her office to punish and harass him; and (5) the Town is liable, under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for the unconstitutional actions of policymaker Osten.[1]

Defendants moved to dismiss and/or stay this lawsuit based on the "prior pending action doctrine" which, according to defendants, warranted dismissal or a stay of the federal lawsuit during the pendency of the Town's "parallel," first-filed state-court action in Connecticut. The district court denied defendants' motion, reasoning that the prior pending action doctrine only applied to two parallel federal actions. However, the district court *sua sponte* stayed this case pending resolution of the state-court case pursuant to the *Colorado River* abstention doctrine.

## DISCUSSION

The *Colorado River* abstention doctrine recognizes that, "while the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, exceptional circumstances may on occasion permit the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Zemsky v. City of New York*, 821 F.2d 148, 152 (2d Cir. 1987) (internal quotation marks and brackets omitted) (quoting *Colorado River*, 424 U.S. at 817–18). However, we have emphasized that "[a]bstaining from exercising federal jurisdiction 'is the exception, not the rule.'" *Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022) (quoting *Colorado River*, 424 U.S. at 813). Indeed, "[w]here a federal court has subject matter jurisdiction, it has a virtually unflagging

---

[1] In addition to these constitutional claims, Gentes asserted common law claims against Osten for defamation, false light invasion of privacy, and intentional infliction of emotional distress.

3

obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court." *Id.* (citation and internal quotation marks omitted); *see also Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (noting that "[t]he abstention doctrine comprises a few 'extraordinary and narrow exceptions' to a federal court's duty to exercise its jurisdiction" (quoting *Colorado River*, 424 U.S. at 813)).

Although we review a district court's decision to abstain under the deferential abuse of discretion standard, we have noted that "in the abstention context our review is especially rigorous." *Mochary*, 42 F.4th at 85 (internal quotation marks and citation omitted). Thus, "where a case does not meet traditional abstention requirements 'there is little to no discretion to abstain.'" *Id.* (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012)).

District courts follow a two-step inquiry to determine whether abstention is warranted. The first step is to determine whether the state and federal proceedings are parallel. *Mochary*, 42 F.4th at 85. Federal and state proceedings "are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)). If a district court finds that two actions are parallel under *Colorado River*, it must then "weigh six factors, with the 'balance heavily weighted in favor of the exercise of jurisdiction.'" *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). These six factors are: "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions

4

were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Woodford*, 239 F.3d at 522 (citations omitted). "In this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction. Thus, the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Id.* (internal quotation marks, citations, and brackets omitted).

As set forth below, assuming *arguendo* that the state and federal lawsuits constitute parallel proceedings, the district court abused its discretion in concluding that the *Colorado River* factors warranted abstention pending resolution of the state-court proceeding.[2]

Although the district court acknowledged the six factors that must be considered in deciding whether to abstain pursuant to *Colorado River*, its analysis focused exclusively on the third and fourth factors—*i.e.*, the avoidance of the risk of piecemeal litigation and comparison of the progression of the two actions. The district court determined that the avoidance of piecemeal litigation was the most important factor weighing in favor of abstention given the possibility of conflicting verdicts because, "[i]f the two cases are allowed to proceed to judgment independently, a situation could arise in which Plaintiff Gentes prevails on one or more claims in the instant matter while simultaneously being held liable in the state court action." Joint App'x at 84. With respect to the fourth factor, the district court found that it also counseled in favor of abstention because

---

[2] In addition to challenging the district court's balancing of the factors, Gentes alternatively argues that the district court procedurally erred by staying the case *sua sponte* pursuant to *Colorado River* without providing him with notice and an opportunity to be heard, especially since defendants had affirmatively disclaimed application of that abstention doctrine. However, because we conclude that the district court abused its discretion in its application of the *Colorado River* factors and abstention is unwarranted here, we need not address this alleged procedural defect.

5

the state-court action was filed before the federal-court lawsuit, the parties had completed discovery, and a summary judgment motion was pending.

In reaching its decision based upon these two factors, the district court erred in several respects. First, after finding that the third and fourth factors favored staying the lawsuit, the district court failed to carefully consider each of the other factors. *See Mochary*, 42 F.4th at 86 ("[W]e reiterate that courts deciding whether to abstain under *Colorado River* must carefully consider *each* of the factors." (emphasis in original)). Instead, it addressed the other factors in one sentence, noting that "[n]one of the other *Colorado River* factors militate against staying this litigation." Joint App'x at 84. That conclusion was incorrect. As an initial matter, although the parties agreed that the first factor (whether the controversy involves a res over which one of the courts has assumed jurisdiction) and the second factor (whether the federal forum is less inconvenient than the other forum for the parties) were not at issue here, we have emphasized "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford*, 239 F.3d at 522. Therefore, these two facially neutral factors weigh against abstention.

Moreover, both the fifth and sixth factors—namely, whether federal law provides the rule of decision and whether the state procedures are adequate to protect Gentes's federal rights— weigh against abstention. Here, the complaint asserts multiple causes of action for alleged violations of Gentes's federal constitutional rights, and none of those causes of action will be litigated in the state-court lawsuit where the Town has brought claims against Gentes under Connecticut law. Put simply, Gentes has asserted no claims in the state-court proceedings and cannot obtain relief for the alleged violations of his constitutional rights that he asserts in this federal proceeding. *See Woodford*, 239 F.3d at 523 ("Even where there are some state-law issues, the presence of federal-law issues must always be a major consideration weighing against

6

surrender." (internal quotation marks and citation omitted)). In addition, even if there were to be findings of liability against Gentes for all of the state-law claims in the Connecticut lawsuit (including breach of contract, breach of fiduciary duty, and negligence) based on mismanagement of the Town's money, such findings would not necessarily preclude his federal claims because those claims have different elements from the state-law causes of action. For example, findings of liability against Gentes on the Connecticut state claims would not necessarily be dispositive as to federal claims that Osten violated his due process rights, his First Amendment rights, and engaged in selective enforcement. Indeed, the defendants conceded in the district court that "there is a possibility that the state court's determinations may not resolve all issues presented here." Dist. Ct. ECF No. 15-1, at 14. In short, there is "substantial doubt" as to whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28 (concluding that, under such circumstances, "it would be a serious abuse of discretion to grant the stay or dismissal at all"). Therefore, the district court erred in failing to properly consider and balance the fifth and sixth factors, which both militate against abstention.

Finally, the district court placed undue weight on the third factor in its abstention analysis based upon its concern about the need to avoid piecemeal litigation. As noted above, because Gentes's federal claims have different elements and seek different relief than the Town's causes of action in state court, staying the instant litigation will not avoid piecemeal litigation. *See Woodford*, 239 F.3d at 524 ("[W]hile all of the claims focus on the conduct of [the defendant], adjudication of the claims asserted in the state-court actions would not dispose of the federal claims, and the relief requested by plaintiffs is greater in the federal actions."); *see also All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) (explaining "[t]here is no threat of piecemeal

7

litigation" in support of *Colorado River* abstention where "[t]he resolution of the federal constitutional questions will settle the federal issues, regardless of the outcome of the state litigation"). In addition, as we have explained, "the primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford*, 239 F.3d at 524. Here, because Gentes is a party to both lawsuits, the doctrines of res judicata and collateral estoppel would prevent him from re-litigating any adjudicated claims or issues from the state-court action that overlap with his federal and state-law claims in this lawsuit, and *vice versa*. Thus, given the absence of a risk of inconsistency, "this factor certainly does not weigh nearly as strongly in favor of abstention as the district court believed." *Niagara Mohawk Power Corp.*, 673 F.3d at 102.

In sum, the district court erred in its application of the *Colorado River* factors and in its conclusion that a stay in this case was warranted pending resolution of the state-court proceeding. This case does not present the exceptional circumstances that are required under *Colorado River* for abstention to apply.

*          *          *

Accordingly, we **VACATE** the order of the district court and **REMAND** the action for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8