24-2643-cv
*Errato v. Seder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> MYRNA PÉREZ,
> > *Circuit Judges.* [*]

_____

Robert M. Errato,

> *Plaintiff-Appellant*,

> v.                                                             24-2643

Lauren T. Seder,

> *Defendant-Appellee.*

_____

_____

[*]     Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

FOR PLAINTIFF-APPELLANT:                    Robert M. Errato, pro se, Hamden, CT.

FOR DEFENDANT-APPELLEE:                  Lauren T. Seder, pro se, Ojai, CA.

Appeal from an order of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 6, 2024 order of the district court is **AFFIRMED**.

Appellant Robert Errato, pro se, appeals from the district court's dismissal of his complaint against his former wife, Lauren Seder, who is also proceeding pro se.   In the district court, Errato alleged that Seder submitted fraudulent affidavits in their divorce proceedings, leading to an unjust alimony award in the divorce judgment.   These allegations are largely identical to those he made in two prior federal lawsuits against Seder and others.   *See Errato v. Seder*, No. 23-638, 2024 WL 726880 (2d Cir. Feb. 22, 2024) (summary order).   Seder moved to dismiss the complaint, arguing that the *Rooker-Feldman* doctrine, the domestic relations exception to diversity jurisdiction, and collateral estoppel barred Errato's claims.   The district court dismissed the complaint for the reasons stated in Seder's memorandum of law and the decisions in Errato's prior

2

federal lawsuits. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.[1]

"We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).

The district court properly dismissed Errato's action. First, to the extent that Errato sought to challenge the underlying divorce judgment and alimony orders, his complaint was barred by *Rooker-Feldman*. The *Rooker-Feldman* doctrine "bars a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (citation modified); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). This Court has "articulated a four-part test according to which *Rooker-Feldman* applies if (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3)

---

[1] We grant Errato's motion for disposition without oral argument. We deny Seder's motion to supplement the record as unnecessary. We take judicial notice of the summary order and the district court's decisions in Errato's prior actions. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation modified)).

the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter*, 75 F.4th at 68 (citation modified).

Here, all four requirements were satisfied. Errato filed this federal lawsuit after the state court proceedings ended and all appeals had concluded. *See id.* at 65 (clarifying that *Rooker-Feldman* does not apply if direct appeal is pending). He generally complained of injuries caused by the unfavorable state court judgment, which included consideration of the defendant's allegedly fraudulent documents. And he explicitly sought review and rejection of the state court judgment. Accordingly, *Rooker-Feldman* barred Errato's challenge to the underlying divorce judgment and alimony orders.

However, some portions of Errato's claims may have survived *Rooker-Feldman*. Errato arguably alleged acts of fraud that preceded the judgment, namely Seder's submission of the allegedly fraudulent affidavits before the entry of the divorce judgment. In other words, Errato could be construed as alleging that the state court "simply ratified, acquiesced in, or left unpunished" Seder's alleged fraud during the divorce proceedings. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are

4

produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."). Accordingly, some of his claims may have evaded *Rooker-Feldman*.

For similar reasons, those claims also evaded the domestic relations exception. "The domestic relations exception to diversity jurisdiction provides that federal courts will not exercise jurisdiction over cases on the subjects of divorce, alimony, or the custody of children." *Mochary v. Bergstein*, 42 F.4th 80, 88 (2d Cir. 2022); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The exception is "rather narrowly confined" and applies "only where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam) (citation modified). Here, the exception would therefore apply to the extent that Errato sought to overturn the alimony orders and divorce judgment, but not necessarily where he simply sought damages for fraud.[2]

---

[2] In summary orders, this Court has reasoned that abstaining from exercising diversity jurisdiction under the broader domestic relations *abstention* doctrine was proper, even after concluding that the narrower domestic relations *exception* to diversity jurisdiction did not apply. *See, e.g.*, *Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624 (2d Cir. Dec. 6, 2024) (summary order); *Keane v. Keane*, 549 F. App'x 54 (2d Cir. 2014) (summary order). However, we have not issued a precedential decision applying the domestic relations abstention doctrine in a diversity case. Rather, we have expressly reserved the issue of whether this Court's domestic relations abstention doctrine—as articulated in *Am. Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990), a federal-question interpleader case—may apply in diversity cases after the Supreme Court's decision in *Ankenbrandt*. *See Mochary v. Bergstein*, 42 F.4th 80, 89 & n.15 (2d Cir. 2022) ("We need not decide whether in a case premised on diversity jurisdiction, as is the case here,

5

In any event, even assuming the district court had jurisdiction to review the fraud claims, they are barred by issue and claim preclusion.  "Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment.'"  *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)).  "A party may invoke issue preclusion only if: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [raising the issue] had a full and fair opportunity to litigate the issue [in the prior proceeding]; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  *Id.* (citation modified).  "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Id*. at 375 (alterations adopted) (citation modified).  "[F]or claim preclusion to apply, the later suit must involve the same cause of action as the earlier suit."  *Id.* (alterations adopted) (citation modified).  "Suits involve the same claim (or 'cause of action') when they arise

---

*Ankenbrandt*'s narrow domestic relations exception controls.").  Because any of Errato's claims over which the district court had diversity jurisdiction were barred by issue and claim preclusion, we need not resolve the question in this case.

6

from the same transaction, or involve a common nucleus of operative facts." *Id.* (citation modified).

Here, in Errato's previous federal action against Seder, the district court and this Court already concluded that "[t]o the extent Errato has attempted to bring any state-law claim for fraud against Seder and the attorney Defendants . . . the claim would be barred by the litigation privilege under Connecticut law." *Errato*, 2024 WL 726880, at *3 n.2. Issue preclusion therefore barred Errato from re-litigating these same fraud claims against Seder. To the extent that Errato sought to raise claims against Seder that he failed to raise in the first action, his claims were barred by claim preclusion. Errato's claims in this action arose from the same "nucleus of operative facts" as his prior federal case, which the district court dismissed, and this Court affirmed. *See id.* at *1 (Errato "accused various Defendants—Seder, several attorneys, and Connecticut state judges as well as the State of Connecticut itself—of violating his constitutional rights in connection with the state court [dissolution of marriage] action" between Errato and Seder.).

We have considered Errato's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the September 6, 2024 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7