AMERICAN AIRLINES, INC., Appellee,

v.

Marsha Ann BLOCK,
Interpleader–Appellee,

Robert M. Block,
Interpleader–Appellant.

No. 893, Docket 89–9019.

United States Court of Appeals,
Second Circuit.

Argued Feb. 27, 1990.

Decided May 23, 1990.

Martin I. Saperstein, Garden City, N.Y., for appellant Robert M. Block.

Abraham Hecht, Forest Hills, N.Y., for appellee Marsha Block.

Bigham Englar Jones & Houston, New York City, for appellee American Airlines, Inc.

Before OAKES, Chief Judge, FEINBERG and WALKER, Circuit Judges.

**PER CURIAM:**

Robert M. Block, a pilot for American Airlines, appeals an amended order and judgment entered on October 10, 1989, by the United States District Court for the Eastern District of New York, Reena Raggi, Judge, awarding his former wife, Marsha Ann Block, a money judgment in the amount of $60,628.29 for matrimonial support obligations arising from May 1986 until April 1989. The judgment was to be satisfied, pending a partial stay for appeal, from a fund then amounting to $61,200 deducted from Robert Block's pay and deposited into the registry of the district court pursuant to a federal interpleader action brought by American Airlines. We affirm in part and vacate and remand in part.

## FACTS

Pursuant to a divorce decree rendered by the New York State Supreme Court for Nassau County on February 4, 1986, Marsha Block was entitled to support payments from Robert Block at the rate of $450 per week from November 14, 1984, through November 14, 1989, and at the rate of $260 per week from November 21, 1989, through November 21, 1990. When Robert Block failed to meet his maintenance obligations, Marsha Block brought successive actions in the Supreme Court for Nassau County to reduce the arrears owed to final judgment. New York law provides that unless support obligations are entered pursuant to final judgment, they subsequently may be modified or cancelled if the defaulting spouse becomes unable to pay or if there is a substantial change in circumstances. *See* N.Y.Dom.Rel.Law. §§ 236, Pt. B(9)(b), 244 (McKinney Supp.1990). Marsha Block obtained judgments on May 6, 1987, and August 25, 1987, for a total of $17,416.88, corresponding to arrears owed from May 23, 1986, to June 1, 1987. She was also awarded funds for costs and attorney's fees associated with these two actions.

The instant litigation in federal court arose from Marsha Block's attempt to garnish Robert Block's wages from American Airlines. In June 1986, Marsha Block served an income execution on American Airlines pursuant to Section 5241 of the New York Civil Practice Law and Rules ("CPLR"), directing garnishment of $900 per week of Robert Block's wages. American Airlines initially declined to honor the income execution for fear that the law of Texas, where Robert Block was then a resident, prohibited it from complying. In December 1987, Marsha Block sued American Airlines in Nassau County Supreme Court to enforce the income execution. In response, American Airlines commenced this interpleader action on February 26, 1988, in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1335 (1982) and Rule 22 of the Federal Rules of Civil Procedure. The district court issued a temporary restraining order enjoining Marsha Block's state court action against American Airlines. The state court action was subsequently removed and consolidated with the Eastern District action. On April 6, 1988, the district court issued a wage order directing American Airlines to pay $3,600 per month into the registry of the district court pending determination whether Marsha Block was entitled to the funds.

In the meantime, back in state court, Robert Block moved the Nassau County Supreme Court on June 11, 1988, for a downward modification of maintenance obligations. Marsha Block cross-moved for a final judgment for arrears owing from June 1, 1987, to June 20, 1988. These state court motions remained pending for the duration of the litigation before the district court.

On December 19, 1988, the district court determined that Robert Block's status as a resident of Texas presented no bar to American Airlines' compliance with the income execution and the district court's distribution of collected funds to Marsha Block. It referred the matter to a magistrate for determination of amounts to be distributed. By amended order and judgment entered October 10, 1989, the district court awarded Marsha Block $60,628.29 from the interpleader fund for combined maintenance, arrears, and costs awarded in

the prior state court judgments. The district court subsequently stayed its judgment pending appeal for all amounts above $22,000. On February 5, 1990, during the pendency of this appeal, the Nassau County Supreme Court denied Robert Block's motion for downward modification and awarded Marsha Block a judgment of $13,-200 for arrears from June 1, 1987, to June 20, 1988.

In this appeal, Robert Block argues that the district court either had no jurisdiction over this action or should have abstained in deference to state court proceedings. Moreover, he argues that interest and costs were not properly allowable as part of the award.

## DISCUSSION

█ Although matrimonial actions may ordinarily be instituted in federal court on diversity grounds, the Supreme Court in *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859), went so far as to disclaim all federal subject matter jurisdiction for some classes of matrimonial actions. As we have noted, however, the scope of this matrimonial exception to federal jurisdiction is "rather narrowly confined," *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 514 (2d Cir.1973); only "where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child" does it generally decline jurisdiction pursuant to the matrimonial exception. *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir.1982). By contrast, in *Barber* itself, the Supreme Court sustained jurisdiction over an action to enforce a state court alimony award. Here, as in *Barber*, the federal court has not been requested to determine marital status or to set the amount of support payments, but only to enforce a state court decree for support payments.[1]

█ Moreover, although no independent jurisdiction lies over Marsha Block's claims to those arrears or continuing maintenance obligations that were not reduced to any final judgment and therefore remained subject to modification by New York state courts, *see Morris v. Morris*, 273 F.2d 678, 681–82 (7th Cir.1960) (no jurisdiction over action to enforce continuing support obligations); *see also Phillips, Nizer*, 490 F.2d at 514 (noting jurisdictional distinction between claims based on final judgments as opposed to claims based on modifiable decrees), the non-final judgment claims in this action may be entertained as claims pendent to those pursuant to final state court judgments. *See Phillips, Nizer*, 490 F.2d at 515 n. 5. Therefore, we find the district court had jurisdiction over this matter.

█ Nevertheless, even if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field. A federal court presented with matrimonial issues or issues "on the verge" of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts. *See Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir.1976) (per curiam); *Phillips, Nizer*, 490 F.2d at 515–16. Correlatively, it is well recognized that interpleader is an equitable remedy, and a federal court may abstain from deciding an interpleader action if another action could adequately redress the threat that the stakeholder might be held doubly liable. *See Home Indemnity Co. v. Moore*, 499 F.2d 1202, 1205–06 (8th Cir.1974); 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1709, at 534 (1986).

Here we see no obstacle to determination of the matrimonial issues by way of a state court action. New York law authorizes American Airlines to bring an interpleader action in New York state courts. *See* N.Y. Civ.Prac.L. & R. § 1006(a), (b) (McKinney

---

1. We note that the matrimonial exception has been read as an exception to diversity jurisdiction under 28 U.S.C. § 1332. *See Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir.1976) (per curiam); *Phillips, Nizer*, 490 F.2d at 513–14 n. 4.

We have had no occasion to consider whether the matrimonial exception applies with equal force where jurisdiction is based on statutory interpleader, 28 U.S.C. § 1335, and we decline to do so here.

1976). Additionally, we see no reason to assume that personal jurisdiction could not be obtained over Robert Block under N.Y. Civ.Prac.L. & R. § 302(b) (McKinney Supp. 1990).

We find that the district court should have abstained *in part* from adjudicating this action. Although the district court, in the interests of economy, could properly have abstained from the entire action, it was within its discretion in collecting and distributing the interpleader fund for those maintenance arrears reduced to valid final judgments in state court. The mechanical enforcement of these final judgments did not require the district court to interpret New York's domestic relations law, or otherwise to immerse itself in domestic relations matters that are properly the province of the state courts. On the other hand, the district court, we believe, intruded impermissibly upon state law matrimonial jurisdiction to the extent that it collected and ordered the distribution of funds corresponding to continuing maintenance obligations and arrears which had not been reduced to final judgment in state court.

With respect to the district court's award of costs and post-judgment interest, we note that an income execution pursuant to CPLR § 5241 extends only to amounts "sufficient to ensure compliance with the direction in the order of support, and ... reduction of arrears." N.Y.Civ.Prac.L. & R. § 5241(b) (McKinney Supp.1990). Funds collected under section 5241 are not generally available to enforce non-support obligations. *See Maloney v. Maloney,* 140 Misc.2d 852, 532 N.Y.S.2d 203 (Sup.Ct.); N.Y.Dom.Rel.Law. § 244, Practice Commentary 749–50 (McKinney 1986). Therefore, the district court improperly ordered distribution of $1,271.66 of the interpleader fund to Marsha Block for costs. But, because post-judgment interest on a final judgment for maintenance arrears is mandatory, *see* N.Y.Civ.Prac.L. & R. § 5003 (McKinney 1963), post-judgment interest is sufficiently identifiable with the underlying

support obligation so as to warrant its award from funds collected under CPLR § 5241.[2]

In summary, we vacate the district court's award of funds to satisfy maintenance and arrears except as to those funds corresponding to arrears reduced to final judgment prior to the date of the district court's order. This award properly includes post-judgment interest, but not costs. We also vacate the district court's wage order, because it no longer garners funds needed to satisfy any final state court judgments for support.

The district court is directed to remand this action and the remainder of the interpleader fund, which shall include any amounts beyond those necessary to satisfy valid final state court judgments for arrears with post-judgment interest made prior to the district court's entry of judgment, to the New York Supreme Court for Nassau County, where the initial order of divorce and for maintenance was entered, for distribution pursuant to the state court's judgment of February 5, 1990, or as the state court may otherwise direct.

Remanded to the district court for further proceedings and calculations not inconsistent with this opinion.

---

2. Appellant argues that the district court also improperly allowed an award for counsel's fees. The district court's amended order and judgment appears, however, only to make awards for arrears, maintenance, and costs. To the extent that counsel's fees are incorporated into any of these categories, they are also not classifiable as support obligations and are not awardable under section 5241.