Keane v. Keane

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

PRESENT:
>  **DENNIS JACOBS,**
>  **RAYMOND J. LOHIER, JR.,**
>  **CHRISTOPHER F. DRONEY,**
>  *Circuit Judges.*

_____

Nitza Keane,

>  *Plaintiff-Appellant*,

>  v.                                                  13-853

Frank M. Keane,

>  *Defendant-Appellee*.

_____


**FOR PLAINTIFF-APPELLANT:**          Nitza Keane, *pro se*, White Plains, NY.

**FOR DEFENDANT-APPELLEE:**          Matthew John Keating, Maffei Maffei & Keating, Yonkers, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Yanthis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the magistrate judge is **AFFIRMED**.

Nitza Keane appeals from the dismissal of her action for fraud against her former husband. The district court dismissed the complaint for lack of subject matter jurisdiction under the domestic relations exception. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). Dismissal of a complaint is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The domestic relations exception to subject matter jurisdiction generally "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *see Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (noting that the domestic relations exception generally applies only when a district court is asked to grant a divorce, determine alimony, or award custody of a child). However, there are exceptions. *See Ankenbrandt*, 504 U.S. at 705 (noting that it may be appropriate for courts to abstain from exercising subject matter jurisdiction "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"). "A federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature

should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines*, 905 F.2d at 14 (internal quotation marks omitted).

We find no error in the magistrate judge's dismissal of Keane's action for lack of subject matter jurisdiction for the reasons stated in the magistrate judge's memorandum decision and order.

We have considered Keane's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the magistrate judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk