Martinez v. Queens Cnty. Dist. Attorney, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Gilbert M. Martinez,

>              *Plaintiff-Appellant*,

>                                                            14-907-cv

>              v.

Queens County District Attorney, (ADA Debra Pomodor), Kings County District Attorney, Kings County Family Court, (Honorable Anthony Cannataro), New York City Police Department, (Narcotics Division), New York Supreme Court, (Honorable Alice Schlesinger), Berks County Family Court, (Honorable Scott E. Lash), Berks County Human Resources, Berks County Social Security Administration, Met-Ed Electric Supplier, Verizon New York Inc., Berks Community Health Center, Reading Hospital, Saint Joseph Hospital, SUNY Downstate Medical Center, Gloria P. Margary, MID-Penn Legal Services, Berks County

Police Department, City of Reading Police Department, Saint Joseph Health Network, doing business as Saint Joseph Medical Center, Michael D. Carlin, Jessica A. Spector, Rafael Margary, T-Mobile US, Inc., Gloria A. Margary,

*Defendants-Appellees.*[1]

_____

FOR PLAINTIFF-APPELLANT:     Gilbert M. Martinez, pro se, Reading, PA.

FOR DEFENDANTS-APPELLEES:  Andrew B. Adair, Deasey, Mahoney & Valentini, Ltd., Media, PA *for Appellee Berks County Human Resources*.

John P. Beyel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, NJ *for Appellee Met-Ed Electric Supplier*.

William D. Christ (Spencer L. Durland, *on the brief*), Phillips Lytle LLP, Buffalo, NY *for Appellee Verizon New York Inc*.

Kenneth P. Starace, McAloon & Friedman, P.C., New York, NY *for Appellee Berks Community Health Center*.

Bradley L. Mitchell, Stevens & Lee, P.C., New York, NY *for Appellee Reading Hospital*.

Ami Bhatt, Norris McLaughlin & Marcus, P.A., New York, NY *for Appellees Saint Joseph Hospital and Saint Joseph Health Network, doing business as Saint Joseph Medical Center*.

Wendy B. Shepps, Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C., Newark, NJ *for Appellee MID-Penn Legal Services*.

David J. MacMain, MacMain Law Group, LLC, Malvern, PA *for Appellee City of Reading Police Department*.

---

[1] The Clerk of Court is directed to amend the caption as above.

William J. Foley, Jr. (Jason M. Halper, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY *for Appellee Jessica A. Spector*.

Marc A. Rapaport, Rapaport Law Firm, PLLC, New York, NY *for Appellee T-Mobile US, Inc*.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Mauskopf, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

Appellant Gilbert M. Martinez, proceeding pro se, appeals from the March 17, 2014 judgment and order of the district court dismissing his 42 U.S.C. § 1983 suit for lack of personal jurisdiction, lack of subject matter jurisdiction, service defects, and failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010). "A [claim] is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The district court properly dismissed Martinez's claims against the New York Supreme Court, Judge Schlesinger, the Kings County Family Court, Judge Cannataro, the Berks County Family Court, Judge Lash, Gloria P. Margary, Gloria A. Margary, and Rafael Margary, under the domestic relations law exception to federal court jurisdiction. Martinez's assertion that the domestic relations exception does not apply because his lawsuit does not seek a divorce, alimony, or custody decree is unavailing. The domestic relations exception to subject

matter jurisdiction generally "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *see Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). However, subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings. *See Ankenbrandt*, 504 U.S. at 705 (noting that it may be appropriate for courts to abstain from exercising subject matter jurisdiction "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"); *see also Am. Airlines*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (internal quotation marks omitted)).

The district court also properly dismissed Martinez's claims against SUNY Downstate Medical Center, Berks County Human Resources, Berks County Social Security Administration, and the Pennsylvania Department of Public Welfare, on sovereign immunity grounds. Martinez's argument that these defendants did not specifically assert sovereign immunity is misplaced, as courts may raise the issue of sovereign immunity "*sua sponte* because it affects . . . subject matter jurisdiction." *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993).

We also review de novo a district court's dismissal of a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). In ruling on a motion under Rule 12(b)(2), a district court "must determine whether there is jurisdiction over the defendant under the relevant forum state's laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Although the party asserting jurisdiction bears the burden of demonstrating that jurisdiction

exists, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994), in reviewing a dismissal for want of personal jurisdiction, we construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). The district court did not err in dismissing Martinez's claims against Metropolitan Edison Company, Berks Community Health Center, Reading Hospital, and St. Joseph Health Network, doing business as St. Joseph Medical Center, for lack of personal jurisdiction. Martinez argues that these defendants waived defects in personal jurisdiction by failing to challenge them in a responsive pleading; however, each of these defendants moved to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1)(B).

We review a district court's dismissal of a complaint for lack of timely service under Fed. R. Civ. P. 4(m) for abuse of discretion. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). We will not overrule a district court's dismissal for lack of service unless the appellant "advance[s] some colorable excuse for neglect." *Id.* (internal quotation marks omitted). A district court abuses its discretion when "it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Id.* We find no error in the district court's dismissal of Martinez's claims against SUNY Downstate Medical Center, Berks County Human Resources, Berks County Social Security Administration, the Queens County District Attorney, ADA Debra Pomodor, and the Kings County District Attorney, for service defects.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and

5

drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint "containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (internal quotation marks omitted). We find no error in the district court's dismissal of the claims against MID-Penn Legal Services, T-Mobile US, Inc., Verizon New York Inc., and attorneys Michael D. Carlin and Jessica A. Spector, for failure to plead facts from which a conspiracy between these defendants and a state actor could be plausibly inferred. Nor do we find any error in the district court's dismissal of the claims against the Reading Police Department, the New York City Police Department, and the City of New York, for failure to allege that their challenged conduct was undertaken pursuant to an official policy or custom, as required to establish § 1983 municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978).

Lastly, the district court did not err in declining to grant Martinez leave to amend his complaint, as he was previously granted leave to amend, and any further amendment would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Accordingly, we affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order dismissing Martinez's complaint in its entirety and denying him leave to amend his complaint.

6

The judgment and order of the district court is **AFFIRMED**. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk