Zappin v. Comfort

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ANTHONY ZAPPIN,

> *Plaintiff-Appellant,*

> v.                                                      23-7363

CLAIRE COMFORT, ROBERT WALLACK, THE WALLACK FIRM, P.C., HARRIET NEWMAN COHEN, COHEN RABIN STINE SCHUMANN LLP,

> *Defendants-Appellees,*

COMPREHENSIVE FAMILY SERVICE, INC.,

*Defendant*.

For Plaintiff-Appellant:  ANTHONY ZAPPIN, Pro Se, North Myrtle Beach, SC.

For Defendants-Appellees:  CHERYL F. KORMAN, JANICE J. DIGENNARO, Rivkin Radler LLP, Uniondale, NY.

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Carter, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Anthony Zappin appeals from a judgment and orders of the United States District Court for the Southern District of New York (Carter, *J*.) dismissing his complaint for lack of subject matter jurisdiction, entering a pre-filing injunction against him, and denying his motion for reconsideration. Zappin, a disbarred attorney proceeding *pro se*, filed a diversity action bringing state law tort claims against his ex-wife Claire Comfort; Robert Wallack, the attorney who represented Comfort during divorce and child custody proceedings; Harriet Newman Cohen, who was appointed as attorney for Zappin and Comfort's child during those proceedings; and Wallack and Cohen's respective law firms. In his third amended complaint, Zappin asserts that the defendants and other non-parties conspired against him in a custody action and related attorney discipline and fee proceedings that resulted in him losing custody of his child, being

2

disbarred, and having to pay $400,000 of Comfort's legal fees. The district court granted the defendants' motion to dismiss for, *inter alia*, lack of subject matter jurisdiction under the domestic relations exception to diversity jurisdiction and entered a filing injunction requiring Zappin to obtain leave to file before bringing new actions arising out of the custody, disciplinary, and fee proceedings. The district court denied Zappin's motion for reconsideration and motion to vacate the filing injunction. On appeal, Zappin argues that the domestic relations exception does not apply, that the alternative grounds endorsed by the district court for dismissing his complaint were erroneous, and that the district court erred in granting the pre-filing injunction and denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

## I.     Standard of Review

We review *de novo* a grant of a motion to dismiss. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). We review for abuse of discretion an imposition of a filing injunction and a denial of reconsideration. *Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir. 2019) (filing injunction); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999) (reconsideration).

3

## II.    Domestic Relations Abstention

Zappin argues that the domestic relations exception does not apply because his complaint seeks only damages and does not challenge the validity of the state court's orders in his divorce and custody proceedings. The domestic relations exception to diversity jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). We have held that the exception is "rather narrowly confined" and applies "only where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam) (internal quotation marks and citation omitted). Zappin's complaint does not directly challenge his divorce or child custody proceedings. While this means the domestic relations *exception* does not apply, the district court was nonetheless correct in abstaining from exercising jurisdiction under the related domestic relations *abstention* doctrine.

Under the domestic relations abstention doctrine "[a] federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Id.* (internal quotation marks omitted); *see also Ankenbrandt*, 504 U.S. at 705 ("[I]n certain circumstances . . . abstention principles . . . might be relevant in a case involving elements of the domestic relationship

4

even when the parties do not seek divorce, alimony, or child custody."). We regularly apply this abstention doctrine in "the dismissal of both federal-question and diversity cases involving domestic relations disputes." *Deem v. DiMella-Deem*, 941 F.3d 618, 625 n.1 (2d Cir. 2019) (collecting cases).

Although the district court mislabeled its dismissal as based on the domestic relations exception, its analysis relied primarily and correctly on case law concerning the domestic relations abstention doctrine. We agree with the district court's analysis that such abstention is appropriate here. Zappin's complaint acknowledges that his action "largely has its origins in Plaintiff's personal divorce and child custody matter filed against his ex-wife" and that the custody proceeding is "the matter from which the instant case stems." App'x at 25, 29. He expressly asserts that—through their alleged fraud, abuse of process, and misconduct in the custody action—the defendants violated his rights to parental relations and the custody of his son. Because Zappin's complaint stems entirely from his state divorce and custody action and "there is no obstacle to . . . full and fair determination in state courts," abstention is proper. *Am. Airlines, Inc*, 905 F.2d at 14.

That Zappin seeks only tort damages does not alter our conclusion that abstention is appropriate here. We have previously held domestic relations abstention proper in diversity cases that seek damages for torts committed during divorce or custody proceedings. *See, e.g.*, *Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) (summary order)

5

(affirming application of domestic relations abstention in action seeking damages for fraud allegedly committed during divorce proceedings); *Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (summary order) ("[A] plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages."). We see no reason not to do the same here.

Because the district court did not err in applying the domestic relations abstention doctrine, we decline to consider Zappin's arguments challenging the district court's alternative grounds for dismissal.

### III. Pre-Filing Injunction

On appeal, Zappin asserts that the pre-filing injunction is unwarranted exclusively on the ground that his instant complaint is not frivolous. Though "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal," *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), we hold that Zappin's history of vexatious and duplicative litigation flowing from the underlying state custody action and related disciplinary and fee proceedings amply supports the pre-filing injunction. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Zappin has filed at least 21 lawsuits in state and federal court that stem from the same material facts and raise similar arguments. While litigating these cases, Zappin has been repeatedly rebuked by judges for his egregious behavior. *See Zappin v. Cooper*, No. 1:20CV02669(ER),

6

2022 WL 985634, at *8 (S.D.N.Y. Mar 31, 2022) (summarizing the many instances in which Zappin has defied court orders, filed meritless actions, and engaged in general dilatory conduct). His actions have imposed needless expense on other parties as well as "substantial and continuing burdens on the courts." *Id.* at *9. And while Zappin has brought most of these actions *pro se*, he is a former attorney with litigation experience and therefore not entitled to the special solicitude we normally extend to litigants proceeding without counsel. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented."); *United States v. Pierce*, 649 Fed. App'x 117, 118 n.1 (2d Cir. 2016) (summary order) (affording no special solicitude to a disbarred attorney proceeding *pro se*).

Zappin's campaign for retribution against the actors in his custody proceedings persists despite him having been sanctioned $10,000, ordered to pay a significant portion of the attorney's fees in the custody action, and disbarred. *Zappin*, 2022 WL 985634, at *10. Given that other sanctions have proven ineffective at protecting the courts and the parties, it was not an abuse of discretion for the district court to enter a pre-filing injunction here.

Indeed, this is one of nine unsuccessful appeals that Zappin has filed in this court stemming from the same underlying facts. Zappin is warned that the continued filing of

7

duplicative, vexatious, or clearly meritless appeals may result in the imposition of a leave-to-file sanction that would likewise require him to obtain this Court's permission before filing any future appeals. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 10–11 (2d Cir. 1989) (per curiam).

\* \* \*

We have considered all of Zappin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as well as its orders denying Zappin's motion for reconsideration and motion to vacate the filing injunction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8