24-235-cv
*SEC v. Ahmed*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER).   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

United States Securities & Exchange Commission,

*Plaintiff-Appellee*,

Stephen M. Kindseth,

*Receiver-Appellee*,

v.                                                                      24-235-cv

Shalini Ahmed,

*Defendant-Appellant,*

Iftikar Ahmed, Iftikar Ali Ahmed Sole Prop, I-Cubed Domains, LLC, Shalini Ahmed 2014 Grantor Retained Annuity Trust, DIYA Holdings LLC, DIYA Real Holdings, LLC, A minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents I. I. 1, A minor child, by and through his next friends Iftikar and Shalini Ahmed, his parents

I. I. 2, A minor child, by and through his next
friends Iftikar and Shalini Ahmed, his parents I. I. 3,

*Defendants*,

NMR e−tailing, LLC,

*Intervenor.*[1]

---

FOR DEFENDANT-APPELLANT:               Shalini Ahmed, pro se,
                                       Greenwich, Connecticut.

FOR PLAINTIFF-APPELLEE:                Stephen G. Yoder, Senior
                                       Appellate Counsel (Megan
                                       Barbero, General Counsel,
                                       Michael A. Conley, Solicitor,
                                       *on the brief*), *for* Securities
                                       and Exchange Commission,
                                       Washington, D.C.

FOR RECEIVER-APPELLEE:                 Daniel A. Byrd (John L.
                                       Cesaroni, on the brief),
                                       *Zeisler & Zeisler, P.C., for*
                                       Stephen M. Kindseth,
                                       Receiver, Bridgeport,
                                       Connecticut.

Appeal from orders of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part.   Three orders of the district court (the "Living Expense Order," "Divorce Order," "Withdrawal Order," defined *infra*) are **AFFIRMED**.   The

---

[1]  The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this summary order.

"Certiorari Order" is **DISMISSED** for lack of jurisdiction. The "State Tax Order" is **VACATED** and **REMANDED** to the district court to dismiss for lack of subject matter jurisdiction.

Shalini Ahmed ("Ahmed"), proceeding *pro se*, appeals five orders of the district court denying various motions for relief concerning an asset freeze. In 2015, the Securities and Exchange Commission ("SEC") commenced this enforcement action against Ahmed's then-husband, Iftikar Ahmed ("Iftikar"), alleging violations of various securities and financial laws. Ahmed, the couple's three minor children, and several affiliated business entities were later named in the action as additional "Relief Defendants." In 2018, the district court granted summary judgment in favor of the SEC and appointed a receiver to oversee the frozen assets of Iftikar and the Relief Defendants. On appeal from that judgment, this Court affirmed in part, but vacated and remanded for consideration of matters not relevant here. *SEC v. Ahmed*, 72 F.4th 379, 389–90, 410 (2d Cir. 2023). We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

On remand, Ahmed, now acting *pro se*, filed four motions seeking to increase funds for living expenses, relief related to divorce proceedings, funds to pursue a writ of certiorari, and to vacate a state tax levy. The SEC cross-moved, requesting that the district court terminate future monthly payments for living expenses. In addition, Murtha Cullina LLP ("Murtha"), counsel for the Relief Defendants other than Ahmed, filed a fifth motion seeking a release of funds for payment of counsel or alternatively to withdraw as counsel.

3

After a hearing, the district court issued a series of text orders denying Ahmed's motions for increased funds for living expenses (the "Living Expense Order"), relief related to divorce proceedings (the "Divorce Order"), and funds to pursue a writ of certiorari (the "Certiorari Order"), and to vacate the state tax levy (the "State Tax Order"). The district court also granted the SEC's cross-motion to terminate future expense payments. With respect to the fifth motion, the district court granted Murtha's request to withdraw but denied its request for funds (the "Withdrawal Order"). Ahmed appeals from the five motion orders.

## DISCUSSION

### I. Appellate Jurisdiction

At the outset, we only have jurisdiction to review four of the five district court orders: the Living Expense Order, Divorce Order, the Withdrawal Order, and the State Tax Order.[2] *See* 28 U.S.C. § 1292(a)(1) (granting appellate jurisdiction over "[i]nterlocutory orders of the district courts . . . refusing to dissolve or modify injunctions").[3]

We lack jurisdiction to review the Certiorari Order because Ahmed's petition for Supreme Court review is moot. "The hallmark of a moot case or controversy is that the relief sought can

---

[2] We retain jurisdiction over the State Tax Order, for which "the lower court was without jurisdiction," "merely for the purpose of correcting the error of the lower court in entertaining the suit." *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 150 n.10 (2d Cir. 2016) (internal quotation marks and citation omitted).

[3] With respect to the motion to withdraw, the Receiver argues that Ahmed lacks standing to challenge the district court's order, because Ahmed has not been represented by Murtha since 2022 and is therefore not "aggrieved." Receiver-Appellee's Br. at 41–42. However, because Ahmed is now responsible for paying for counsel with separate funds if she wants her children to have representation, Ahmed can assert that she too is personally aggrieved by the order, and thus, has standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (stating that "monetary harms" are among "[t]he most obvious" concrete injuries under Article III).

4

no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Because we have "no jurisdiction over moot controversies," we must dismiss a moot appeal. *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (per curiam). Here, Ahmed sought the release of funds to pursue a writ of certiorari from our decision in *SEC v. Ahmed*, 72 F.4th 379 (2d Cir. 2023). However, Ahmed has already filed a petition for a writ of certiorari, which the Supreme Court denied. *Ahmed v. SEC*, 144 S. Ct. 2658 (2024) (denying writ of certiorari). Moreover, the 25-day deadline for rehearing of the denial of certiorari has passed. *See* S. Ct. R. 44.2. Therefore, we dismiss as moot Ahmed's appeal from the denial of this motion.

II. Merits

Turning to the merits, we review the modification of a preliminary injunction, including an asset freeze, for abuse of discretion. *See CFTC v. Walsh*, 618 F.3d 218, 225 (2d Cir. 2010) (asset freeze); *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005) (modification). We generally review decisions on receivership matters also for abuse of discretion. *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 87 (2d Cir. 2002). "A district court necessarily abuses its discretion if it applies legal standards incorrectly or relies upon clearly erroneous findings of fact, or proceeds on the basis of an erroneous view of the applicable law." *Walsh*, 618 F.3d at 225 (internal quotation marks and citation omitted).

We address each of the remaining four orders in turn.

a. *Living Expenses Order*

The district court did not abuse its discretion by denying Ahmed's motion for an increase

5

of funds for living expenses and granting the SEC's cross-motion to terminate future payments. To the contrary, the district court offered substantial justification for its decision.

First, the district court was "no longer convinced that Mrs. Ahmed and her children [were] in genuine need of more payments." Special App'x at 2. Indeed, Ahmed, who was previously a banker with Goldman Sachs, had "fail[ed] to engage in genuine efforts to seek and obtain employment," and instead had acquired unexplained wealth, as evidenced by "the expenditures from unidentified sources for travel to India and private school tuition for [her] children." *Id.* at 1. Although Ahmed alleged that she suffered migraines, the district court was "not convinced that this condition or her childcare responsibilities prevent[ed] her altogether from returning to work and earning substantial income in light of her educational and professional background." *Id.* at 2. The district court's credibility findings are subject to deference, and Ahmed has not shown they were clearly erroneous. *See Phoenix Glob. Ventures, LLC v Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (per curiam) ("[C]lear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations.")

On appeal, Ahmed now claims that her travels and children's schooling are covered by "loans" that she must pay back. Appellant's Br. at 42–43. However, she fails to identify the source of the purported loans and instead references "the limited generosity of other individuals" and "third-parties who are concerned about the minor children's emotional and mental stability." *Id.* at 45. As in the district court, Ahmed refuses to provide any further details on the source of the large sums of money spent on her and her children.

Second, the district court emphasized that, since first issuing the temporary payments in

6

2016, circumstances had changed. The district court explained that this Court had largely affirmed the judgment, and it was concerned that further payments to the Ahmeds would "jeopardize recovery for victims." Special App'x at 1–2. On appeal, Ahmed suggests that the judgment is oversecured, comparing the "$94.9 million" judgment, including the "disgorgement, prejudgment interest, and civil penalty," Appellant's Br. at 41, against the frozen assets "worth over $120 million," *Id*. at 46. However, even assuming that Ahmed's estimated value of the frozen assets is correct, her comparison ignores, among other things, prejudgment interest, additional relief sought on remand, tax payments, and receivership expenses.

### b. Withdrawal Order

The district court did not abuse its discretion when it denied Murtha's motion for release of funds to pay counsel's fees and thereafter granted Murtha's request to withdraw as counsel. With respect to Murtha's request for payment of fees, the district court explained that this request had been previously denied and expressed concern that the motion was filed "simply because of the transfer of the case" to a new district court judge. Special App'x at 4. The district court ruled that Murtha could renew its motion after liquidation was complete and after submitting proper billing documentation. *Id.* at 4–5.

Having denied the request for payment, the district court considered whether to permit Murtha to withdraw, properly weighing the hardships to Murtha as well as to the remaining Relief Defendants. The district court first explained that denying withdrawal would subject Murtha to "continuing costs of representation and with an uncertain prospect of payment for future representation costs." *Id.* at 5. The district court next addressed the hardship of the remaining

7

Relief Defendants. "In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999) (alteration adopted) (internal quotation marks and citation omitted). Here, the district court concluded that its "continuing concern about lack of disclosure of assets (and their true ownership and control) . . . undermines arguments that any of the remaining Relief Defendants are unable to afford counsel and that the interests of justice continue to require at this time that the obligation be imposed on Murtha Cullina to represent them." Special App'x at 5. This reasoning was sound.

On appeal, Ahmed argues that her minor children, who were among the Relief Defendants represented by Murtha, were entitled to counsel. Ahmed cites this Court's decisions in *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir. 1990) and *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). Ahmed is correct that these decisions reiterate the general rule that a parent may not proceed *pro se* on behalf of their child, *see Cheung*, 906 F.2d at 61; *Wenger*, 146 F.3d at 124–25; however, neither case mandates that a court appoint counsel for a minor litigant. *See Ahmed*, 72 F.4th at 395 (noting that there is "no constitutional right to counsel in [a] civil enforcement action"); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) (explaining that a defendant has no right to use tainted assets for their legal defense). Nor do these cases require that a court prioritize paying a child's counsel over concerns about adequate recovery for victims of their parent's wrongdoing.

### c. *Divorce Order*

The district court did not abuse its discretion in denying Ahmed's motion for divorce-

8

related relief. In particular, Ahmed sought permission to enter a dissolution agreement with her husband, wherein her husband would agree to pay her $87.7 million in lump-sum maintenance. The district court properly concluded "that the relief requested would contravene the Court's authority over frozen assets," but stated that its order was "without prejudice to the right of the Ahmeds to participate in divorce proceedings that do not jeopardize the funds available for restitution to victims of Mr. Ahmed's fraud or to present a proposed order as suggested by the SEC." Special App'x at 8.

Ahmed's arguments challenging this decision lack merit. To the extent Ahmed cites *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam), and *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019), which address the domestic relations exception to federal subject matter jurisdiction and the domestic relations abstention doctrine, such reliance is misplaced. She argues that the district court lacked jurisdiction to decide the Divorce Order, because "divorce, alimony, child support and maintenance, and child custody[] are . . . issues within the exclusive domain of the state courts." Appellant's Br. at 30. Moreover, she contends that, even if the district court had jurisdiction, it should have abstained, "in view of the greater interest and expertise of state courts in this field." *Id.* (quoting *Am. Airlines, Inc.*, 905 F.2d at 14). However, Ahmed is incorrect that either the domestic relations exception or the domestic relations abstention doctrine applies in these circumstances. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). But the domestic relations exception does not apply where, as here, the issue is before the court on federal question jurisdiction for violations of securities laws. *See*

9

*Deem*, 941 F.3d at 623 ("[T]he domestic relations exception clearly does not apply to this case because it is before this Court on federal question jurisdiction, not diversity." (internal quotation marks and citation omitted)).

Ahmed's argument for abstention fails for similar reasons. Under the domestic relations abstention doctrine, "even if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain . . . in view of the greater interest and expertise of state courts." *Deem*, 941 F.3d at 621 (internal citation omitted). But there was no reason for the district court to abstain here, as the Divorce Order merely prevented the execution of an agreement that would allocate assets currently within the exclusive control of a receiver. *See SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) ("A district judge simply cannot effectively and successfully supervise a receivership and protect the interests of its beneficiaries absent broad discretionary power."). Thus, as its clear language states, the Divorce Order did not "prejudice [] the right of the Ahmeds to participate in divorce proceedings." Special App'x at 8.

### d. State Tax Order

The district court properly denied Ahmed's motion to vacate a Connecticut tax levy and to require the Connecticut Department of Revenue Services ("DRS") to return funds to her bank account. As a preliminary matter, Ahmed does not challenge the district court's conclusion that the "execution of the DRS tax warrants does not jeopardize the receivership estate." Special App'x at 11. Ahmed instead argues that the receiver owed her a fiduciary duty to pay taxes on the income of the receivership estate. However, at least at this juncture, her claim that the challenged taxes were for income to the receivership remains conclusory. Ahmed has yet to

10

provide further details or evidence to support this claim.

In any event, the Tax Injunction Act ("TIA") barred the district court from granting the relief Ahmed sought—to vacate the state tax levy and require the DRS to return funds to her bank account. The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This prohibition is jurisdictional and bars district courts from exercising subject matter jurisdiction over claims for either declaratory or injunctive relief. *See Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 296–97 (2d Cir. 1994). Here, Ahmed's injunctive claims were exactly those the TIA sought to cover, namely, those that "seek federal-court orders enabling [state taxpayers] to *avoid paying state taxes*." *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 267 (2d Cir. 2006) (emphasis in original) (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004)).

Nor did Ahmed suggest that Connecticut's state-court tax adjudications are procedurally deficient. Instead, Ahmed argues that she was "unable to get relief from the Connecticut State Court . . . because the [Connecticut Department of Revenue Services] has taken the position that the underlying liability is not relevant to the issue of levy." Appellant's Br. at 38. However, a "plain, speedy and efficient remedy" only requires adequate procedure; it does not guarantee the taxpayer's preferred outcome. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981) ("The overall purpose of the Tax Injunction Act is consistent with the view that the 'plain, speedy and efficient remedy' exception to the Act's prohibition was only designed to require that the state remedy satisfy certain procedural criteria.").

11

                    *          *          *

We have considered Ahmed's remaining arguments and find them to be without merit.

Accordingly, we **DISMISS** as moot the appeal from the district court's Certiorari Order, and

**VACATE** and **REMAND** the State Tax Order with instructions to dismiss for lack of jurisdiction.

We **AFFIRM** the three remaining orders from which Ahmed appeals.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court